IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIE CARRAWAY<br>1605 Brookwood Circle<br>Archdale, NC 27263<br>        Plaintiff<br><br>v.<br><br>THE HARTFORD LIFE AND<br>ACCIDENT INSURANCE<br>COMPANY<br>1515 Market Street<br>Philadelphia, PA 19102<br>        Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, Christie Carraway, by and through her Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, The Hartford Life and Accident Insurance Company, (hereinafter referred to as "The Hartford"), as follows:

## I. STATEMENT OF JURISDICTION:

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II.    FACTS:

2. The Plaintiff, Christie Carraway, is an adult and competent individual with a physical address of 1605 Brookwood Circle, Archdale, NC 27263/

3. The Defendant, The Hartford, under information and belief, is a business entity with a business address located at 1515 Market Street Philadelphia, PA 19102 and a corporate address located at 1 Hartford Plaza, Hartford, CT 06155.

4. The Hartford is a business entity, which issues disability insurance policies. These policies are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

5. On a date certain, The Hartford, issued a policy providing disability insurance benefits to the Plaintiff through the Plaintiff's employer, Tyco International, Inc.

6. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

7. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

8. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

9. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by The Hartford to the Plaintiff's

employer.

10. On a date certain, the Plaintiff filed an application for long term disability benefits with The Hartford with an alleged onset date of April 30, 2019.

11. The Hartford denied the Plaintiff's claims as of her effective date of November 17, 2019.

12. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of her treating doctors in support of her claim. The information provided was sufficient to establish the proof of loss that the Plaintiff suffered in order to support her claim for long term disability benefits.

13. By correspondence dated September 5, 2019, the Hartford denied the Plaintiff's appeal and advised her of her right to bring a civil action under ERISA.

14. The Hartford acted arbitrarily, capriciously, in a manner serving only its own business interest and in direct violation of ERISA when it denied the Plaintiff's claim for disability benefits.

15. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability and provided sufficient proof of loss to the Hartford.

16. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

17. As a direct and proximate result of the actions of The Hartford as herein

above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

18. As a direct and proximate result of the actions of The Hartford, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from November 17, 2019 until the present and continuing into the future.

WHEREFORE, the Plaintiff, Christie Carraway, respectfully requests that judgment be entered against The Hartford as follows:

1. Ordering The Hartford to pay to the Plaintiff, Christie Carraway, long term disability insurance benefits from her alleged onset date of disability, November 17, 2019 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Christie Carraway, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: /s/ Michael J. Parker
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@PondLehocky.com